961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Astrid EKMAN, aka "Astrid Jensen", individually and as sole
Executrix of the Estate of Robert F. Caudill, aka
"Doby Doc", Deceased, Plaintiff,
and
Janice M. Hayes, individually, Plaintiff-Appellant,
v.
HORSESHOE CLUB OPERATING COMPANY INC., etc., et al., Defendants,
and
Internal Revenue Service, Defendant-Appellee.
 No. 89-16209.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 17, 1992.
Decided April 22, 1992.
 
 Before SCHROEDER, LEAVY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Janice Hayes appeals the district court's dismissal of her complaint against the United States. She seeks tax return information from the Internal Revenue Service for the Horseshoe Club Operating Co. and Robert F. Caudill, deceased, from whom she claims an ownership interest in Horseshoe. We affirm.
 
 
 3
 Although Hayes raises a number of issues, the appeal turns on whether her complaint states a claim under 26 U.S.C. § 6103.[1] The district court correctly determined that she had failed to allege a prior written request, as § 6103 requires.
 
 
 4
 Hayes argues that she should have been allowed to amend to show that requests had been made for information about Caudill pursuant to § 6103(e)(3), which provides for disclosure of returns of a decedent upon request by designated persons. In support, Hayes submits a written request for Caudill's tax return information made by co-plaintiff Astrid Ekman in her capacity as the Executrix of Caudill's estate, and a letter that Hayes sent to the IRS requesting information concerning Caudill in her capacity as Ekman's attorney. Even if these materials were properly before us, they do not indicate that an amendment would cure the complaint. Neither shows that Hayes made a written request for information from the IRS in her own behalf; nor does it appear that she is within the category of persons to whom decedent returns may be disclosed under § 6103(e)(3).
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We assume for purposes of this appeal only, without deciding, that a claim may be brought under § 6103 independently of the Freedom of Information Act, 5 U.S.C. § 552